IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Demario Covington,<br><br>    PETITIONER<br><br>    v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:11-cr-00417-TLW-1<br>C/A No. 4:14-cv-04711-TLW<br><br><br>**Order** |

    This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Demario Covington. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

    Petitioner was the lead defendant in a twelve-defendant, nineteen-count Indictment filed on March 22, 2011. ECF No. 3. The indictment charged him with one count of conspiring to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 280 grams or more of crack cocaine (Count 1), and one count of substantive possession with intent to distribute a quantity of crack cocaine (Count 2). Attorney James Battle was appointed to defend him. ECF No. 60.

    Prior to jury selection, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner that it intended to rely on four prior felony drug convictions to enhance his statutory sentence to mandatory life imprisonment from the 10 years to life range that would have applied absent the enhancement. ECF No. 607.

    The Court held jury selection on May 14, 2012, and Petitioner's trial was set to begin the

1

following day. On the morning of trial, he notified the Court that he intended to plead guilty pursuant to a plea agreement. Plea Tr. 2:1–23. In exchange for a guilty plea to the drug conspiracy count, the Government agreed to dismiss the substantive count and withdraw all but one of the § 851 enhancements, resulting in a statutory sentencing range of 20 years to life imprisonment. *Id.* 6:17–7:5. After a thorough Rule 11 colloquy, the Court accepted his guilty plea. *Id.* 27:9–13.

After Petitioner's plea, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR") in which Probation concluded that he should be held accountable for 31.3 kilograms of crack cocaine, resulting in a base offense level of 38.[1] PSR ¶ 145. Additionally, as a result of a drug-related murder that he allegedly helped to orchestrate, Probation determined that a cross-reference to first degree murder should apply. PSR ¶¶ 12–13, 147. This resulted in a revised base offense level of 43. Probation also concluded that he should receive a two-level firearm enhancement, a four-level role enhancement, a two-level obstruction enhancement, and that he should not receive a reduction for acceptance of responsibility. PSR ¶¶ 146, 149–150, 153. As a result, his total offense level was 49.[2] PSR ¶ 154. His prior criminal record, both through a standard calculation of criminal history points as well as through his classification as a career offender, resulted in him being in a criminal history category of VI. PSR ¶¶ 126–27. As a result, his advisory guideline range was life imprisonment. PSR ¶ 174.

Mr. Battle filed extensive objections on Petitioner's behalf. Specifically, he objected to

---

[1] The PSR was prepared using the 2009 Guideline Manual, which required at least 4.5 kilograms of crack for a base offense level 38. U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2009); PSR ¶ 142. The current edition of the guidelines requires at least 25.2 kilograms of crack for a base offense level of 38. U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2015). The 31.3 kilograms for which the PSR held Petitioner accountable exceeds both amounts.

[2] Because the sentencing table only goes up to level 43, an offense level of more than 43 is treated as an offense level of 43. U.S. Sentencing Guidelines Manual ch. 5, pt. A, cmt. n.2 (2009).

the application of the murder cross-reference, the obstruction enhancement, the firearm enhancement, the role enhancement, and the denial of acceptance of responsibility. If he prevailed on all of these objections, his total offense level would have dropped to 36 and his criminal history category would have remained VI, resulting in a guideline range of 324 to 405 months incarceration.

After Mr. Battle filed these objections, Petitioner filed pro se motions to withdraw his guilty plea and to fire Mr. Battle. ECF Nos. 710, 711. The Court held a hearing on these motions and denied his motion to withdraw his guilty plea, but granted his request for a new lawyer. ECF No. 727. The magistrate judge appointed Attorney Melvin Cockrell to represent Petitioner going forward. ECF No. 734.

On the morning of the sentencing hearing, the Government filed an addendum to the plea agreement, signed by Petitioner, that read, in full, as follows:

> If the defendant complies with the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of 35 years actual incarceration, followed by the appropriate statutory term of supervised release. In the event that the defendant complies with all terms of this Agreement and the Court declines to impose this sentence, the Defendant will have the right to withdraw his FRCRP 11(C)(1)(c). If the Defendant does not comply with all the terms of this Agreement, the United States will seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

ECF No. 770. At the hearing, the Court thoroughly discussed this agreement with Petitioner and ensured that he consented to the stipulated sentence and the effect it would have on his guideline calculation. The Court stated that it was inclined to accept the agreement and would therefore forgo ruling on his objections to the PSR and would simply impose a 35-year sentence:

> THE COURT:    I'm prepared to impose a 35-year sentence. If we do that, we will not have a debate about the guidelines. We won't have a debate. We won't take up the objections. We won't resolve the disputes. I'll simply impose a 35-year sentence. We will not have a guideline dispute and we will not address the objections to the presentence

|               |                                                                              |
|---------------|------------------------------------------------------------------------------|
|               | report in the case.                                                          |
|               | And I am asking you, Mr. Cockrell, is that what your client wants me to do?  |
| MR. COCKRELL: | Yes, Your Honor.                                                             |
| THE COURT:    | And I am asking you, Mr. Covington, is that what you want me to do?          |
| PETITIONER:   | Yes, sir.                                                                    |

Sent. Tr. 10:21–11:9.  After thoroughly discussing the issue with counsel and Petitioner, the Court accepted the agreement and imposed a 35-year sentence.  ECF No. 777.

Petitioner filed a direct appeal, asserting that this Court erred in refusing to allow him to withdraw his guilty plea, but the Fourth Circuit affirmed.  *United States v. Stuckey*, 540 F. App'x 198, 199 (4th Cir. 2013).[3]  He then filed a petition for writ of certiorari, which the Supreme Court denied on January 27, 2014.  *Stuckey v. United States*, 134 S. Ct. 1047 (2014).

Petitioner timely filed this § 2255 petition, asserting that Mr. Cockrell provided ineffective assistance of counsel by (1) "allowing the modification of the plea agreement at sentencing"; and (2) "for not appealing the Court's participation in plea negotiations."  ECF No. 920-1 at 3.[4]

The Government filed a response in opposition and motion for summary judgment, and included the affidavits filed by Mr. Battle and Mr. Cockrell.  ECF Nos. 927, 928, 930, 931. Petitioner then filed a reply in which he reasserted his arguments set forth in the original petition. ECF No. 943.  On or about July 27, 2015, he filed a motion to amend his petition pursuant to Rule 15(c) of the Federal Rules of Civil Procedure to assert additional grounds for relief.  ECF No. 979.

---

[3] Petitioner's appeal was consolidated with that of his co-defendant, David Stuckey.

[4] The petition provides that "[t]he instant action concerns the ineffectiveness of Cockrell only." ECF No. 920-1 at 3.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.     Standard of Review

Petitioner brings this petition pro se. Courts are required to construe liberally pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag*

5

*v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).  These pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.  Only those questions which are squarely presented to a court may properly be addressed."  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.  Discussion

### A.  Ineffective assistance claims

Petitioner asserts that Mr. Cockrell provided ineffective assistance of counsel in allowing for the modification of his plea agreement and not appealing the Court's participation in plea negotiations.  There is no merit to either contention.

To prevail on an ineffective assistance claim, Petitioner must show (1) that counsel's acts or omissions fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).  Failure of proof on either prong ends the matter.  *United States v. Roane*,

378 F.3d 382, 404 (4th Cir. 2004).  There is "a strong presumption that counsel's conduct falls within the wide range of professional assistance," and Petitioner has the burden of overcoming this presumption.  *Strickland*, 466 U.S. at 689.  An ineffective assistance of counsel allegation requires the submission of specific facts in support of the claim.  *See United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000).

1. *Modification of plea agreement*

As set forth in detail above, the initial plea agreement provided that Petitioner would be subject to a statutory sentencing range between twenty years and life imprisonment, but the PSR calculated a guideline sentence of life imprisonment.  He objected to many of the sentencing enhancements, but rather than take his chances with the Court's resolution of those objections at sentencing, he came to an agreement with the Government for a 35-year sentence, which would allow him to eventually be released from prison, rather than dying in custody.[5]  He has not set forth any persuasive argument as to how Mr. Cockrell "allowing" him to agree to this stipulated sentence fell below an objective standard of reasonableness or why there was a reasonable probability that, but for the agreement, the outcome of the proceeding would have been different.[6]

---

[5] The Court notes that he would have had to prevail on a substantial portion of his objections in order to have a guideline range below life imprisonment (which, of course, would not guarantee that he would not receive a life sentence despite a lower guideline range).  For example, prevailing on the murder cross-reference would have only served to drop his total offense level from 49 to 46, which would still result in a guideline sentence of life imprisonment.

[6] In fact, there is a significant likelihood that it would have resulted in a substantially worse outcome for him.  *See* Sent. Tr. 20:15–23 ("It's not a short sentence that will be imposed.  It could have been longer.  If we had gone through the whole process, I don't know, but I think—I doubt that it would be less than what it would be based on the stipulation frankly with all that was in the report if the findings were made by the Court.  I don't see how he could have ever gotten less than 35 years in this case under the sentencing guidelines and the 3553(a) factors.")

Thus, he is not entitled to relief on this claim.

2.  ***Court's participation in plea negotiations***

Petitioner appears to be asserting that the Court participated in plea negotiations by saying that it was inclined to accept the stipulated sentence during the Court's discussion of the agreement with him. The Court had no involvement in the negotiation of the stipulated sentence. The Court's colloquy with him at the sentencing hearing was simply to ensure that he had come to that agreement with the Government and that he did, in fact, want the Court to impose that sentence without ruling on his objections. As set forth above, it was clear that he had come to that agreement and did want the Court to impose that sentence. There is no merit to this argument, and he is not entitled to relief on this claim.

**B.     Motion to Amend**

Petitioner filed his motion to amend on or about July 27, 2015, which was eighteen months after the Supreme Court denied certiorari on his direct appeal, seven months after the initial filing of his § 2255 petition, and five months after he filed his reply brief to the Government's motion for summary judgment. ECF No. 979. In his motion, he seeks to expand his petition to include an assertion that Mr. Battle was ineffective in allowing him to agree to the FOIA waiver in his plea agreement, as he planned to "embark upon a campaign using the FOIA and the first amendment right of access to obtain evidence demonstrating as well as proving the fact that his charges were brought about as a result of illegalities perpetrated by Govt. representatives and one day free himself from the plea he felt that he had no choice but to take." ECF No. 979 at 8 n.2. He also sought to assert that Mr. Battle was ineffective in allegedly failing to advise the Government that Petitioner wanted to accept a prior plea offer of 20 years incarceration. ECF No. 979 at 14.

8

These issues are entirely distinct from the issues raised in the other grounds discussed above. The issues raised above both involve Mr. Cockrell's alleged ineffective assistance, while the new issues both involve Mr. Battle's alleged ineffective assistance, and the initial petition provided that "[t]he instant action concerns the ineffectiveness of Cockrell only." ECF No. 920-1 at 3. Mr. Battle represented Petitioner through the filing of objections to the PSR, while Mr. Cockrell only represented Petitioner at sentencing and on direct appeal.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2255 petitions have a one-year statute of limitations. Petitioner filed his motion well-beyond the statute of limitations and the new claims do not relate back to the original § 2255 petition merely because they are all ineffective assistance claims. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000); *see also United States v. Duffus*, 174 F.3d 333, 337–38 (3d Cir. 1999) ("We reiterate that if the court permitted the amendment [to assert an untimely ineffective assistance claim] it would have acted contrary to the policy of the AEDPA, which requires courts to measure the running of the limitations periods from the date on which the judgment of conviction becomes final."). Accordingly, this motion is **DENIED**.

## V.     Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 931, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 920, is **DENIED**. Additionally, his Motion to Amend, ECF No. 979, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires

that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

April 13, 2016
Columbia, South Carolina