IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Demario Covington,<br><br>    PETITIONER<br><br>  v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:11-cr-00417-TLW-1<br>C/A No. 4:14-cv-04711-TLW<br><br>**Order** |

Before the Court is Petitioner Demario Covington's motion for reconsideration of the Court's order dismissing Petitioner's § 2255 petition. A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

Petitioner argues that the Court improperly denied his motion to amend his petition to assert additional ineffective assistance claims against a different attorney than he initially complained about in his petition. As explained in greater detail in the order dismissing his petition, he asserted in his petition several ineffective assistance claims against the attorney who represented him at sentencing and on direct appeal (Mr. Cockrell), but was silent about the attorney who represented him through the filing of objections to the presentence report (Mr. Battle).[1] In his motion to amend, he attempted to assert several additional, unrelated claims against Mr. Battle. As the Court noted

---

[1] In fact, he specifically said that "[t]he instant action concerns the ineffectiveness of Cockrell only." ECF No. 920-1 at 3.

1

in its order, these additional claims did not relate back to the original petition simply because they all fell under the general heading of ineffective assistance of counsel, as they involve a different attorney and entirely distinct factual allegations.  *See, e.g.*, *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (affirming refusal to consider additional ineffective assistance claims where the petitioner "sought to assert claims totally separate and distinct, in both time and type from those raised in his original motion"); *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) ("These new claims do not relate back to his original claims because they arise from separate occurrences of both time and type."); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999) (affirming denial of motion to amend where the proposed claim "was completely new"); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) ("If the ineffective conduct alleged by [the petitioner] in his first petition cannot be said to have arisen out of the same set of facts as his amended claim, his amendment cannot relate back and his claim must be time-barred since it was filed after the statutory period of limitation.").  Thus, there is no merit to Petitioner's motion for reconsideration.

The Court concludes that Petitioner has not set forth sufficient grounds to cause the Court to alter or amend its prior order.  Therefore, his motion for reconsideration, ECF No. 1066, is **DENIED**.

**IT IS SO ORDERED**.

                                  *s/ Terry L. Wooten*
                                  Terry L. Wooten
                                  Chief United States District Judge

October 17, 2016
Columbia, South Carolina